Filed 8/3/26  P. v. Grajeda CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>CHRISTOPHER SHAWN GRAJEDA,<br><br>  Defendant and Appellant. | D088200<br><br><br><br>(Super. Ct. No. FSB23000148) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Steven C. Malone, Judge.  Affirmed.

James M. Kehoe, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, and Robin Urbanski and Monique Myers, Deputy Attorney Generals.

A jury convicted Christopher Shawn Grajeda of four counts of grand theft (Pen. Code, § 487, subd. (a); counts 4, 6, 8, 10) and four counts of false statements to sell or buy a security (Corp. Code, § 25401; counts 2, 5, 7, 9). The victims' total loss was found to be $124,000. The trial court sentenced Grajeda to three years in prison.

On appeal, Grajeda claims his attorney provided ineffective assistance of counsel by failing to examine or remove prospective Juror 168 for cause or through a peremptory challenge. He contends Juror 168 harbored "actual bias" and counsel's failure to address the bias was prejudicial. On this appellate record, we find no basis to conclude that defense counsel's performance was deficient. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Grajeda was charged with multiple financial crimes in connection with a house-flipping investment scheme he pursued between 2015 and 2017. The matter proceeded to a jury trial. During jury selection, the trial court gave each of 18 potential jurors a questionnaire and indicated it would ask each of them a series of eleven questions, emphasizing, "[Can] you be fair and impartial as a juror in this case?"

When asked this question, prospective Juror 168 initially indicated, "I am not sure. Because I do have some biases concerning gender." The trial court sought clarification asking, "[H]ow does that apply?" Juror 168 responded, "I kind of see people differently sometimes. I don't know. Depending on their gender." Juror 168 confirmed this was a bias "against men," but indicated an understanding that the justice "system" treated men and women equally. The court then clarified the role of a juror; it explained that a juror's role is to determine facts based on witness testimony and

2

evidence and to determine whether the facts meet the elements of the crime beyond a reasonable doubt based on the instructions given. Juror 168 responded, "In that case, I would say yes," and "[t]hank you for clarifying."

When defense counsel began voir dire, he asked the 18 potential jurors if there was a "topic that hasn't come up yet" that would cause any of the potential members to have an "inability to be fair." He also asked whether they had any "reservation about recommending [themselves] as potential jurors." Juror 168 did not volunteer an answer to either question. No further inquiries were specifically addressed to Juror 168 individually, by either the court or counsel. Defense counsel raised no for-cause challenges and did not exercise any peremptory strikes. The trial court empaneled the jury, which included Juror 168.

## DISCUSSION

Grajeda contends his counsel provided constitutionally deficient performance because he failed to examine Juror 168 about a possible gender bias, and also failed to challenge the juror for cause or use a peremptory challenge to remove the juror. He contends counsel's alleged failure prejudicially affected him because, as a result, an actually biased juror was seated on the jury and he was deprived of his right to an impartial jury.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's (1) "representation fell below an objective standard of reasonableness" under prevailing professional norms and (2) "the deficient performance prejudiced the defense." (*Strickland v. Washington* (1984) 466 U.S. 668, 688; see *id.* at p. 687.) "On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there

3

simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

Here, the appellate record contains no indication that counsel was asked to explain, or otherwise volunteered an explanation for, his decision not to individually examine Juror 168 for bias. There is also no indication counsel offered a reason why he chose not to seek removal of the juror through either a for-cause or peremptory challenge. Grajeda must therefore show that there could be no satisfactory explanation or rational tactical basis for retaining Juror 168. He points to the fact that defense counsel's inaction allowed a juror with "actual bias" to be seated on the jury. (See Code Civ. Proc, § 225, subd. (b)(1)(C) [actual bias is "the existence of a state of mind on the part of the juror in reference to the case, or to any of the parties, which will prevent the juror from acting with entire impartiality, and without prejudice to the substantial rights of any party"].) Yet, jury selection is an inherently subjective process and the appellate record seldom discloses incompetence. (See, e.g., *People v. Montiel* (1993) 5 Cal.4th 877, 911, disapproved on other grounds [recognizing use of peremptory challenges is intuitive and record will rarely show reversible incompetence].)

We can conceive of several rational tactical explanations for counsel's inaction with respect to Juror 168. Primarily, counsel could have reasonably viewed the trial court's voir dire as sufficiently probing to satisfy both the court and counsel that Juror 168 could judge the evidence fairly, even acknowledging the initial comments concerning a possible bias against men. The court's questioning shows that counsel could have reasonably believed Juror 168 (1) was being honest about some preconceptions, (2) had initial concerns about whether those preconceptions might affect their capacity to be impartial, but (3) nevertheless affirmed an ability to fairly and faithfully

4

apply the law to the case after receiving a more complete explanation of a juror's role.  Indeed, at no point did Juror 168 expressly proclaim an actual bias that would affirmatively prevent them from "acting with entire impartiality."  (Code Civ. Proc, § 225, subd. (b)(1)(C).)

Trial counsel was in the best position to judge the juror's demeanor, sincerity, and state of mind and could have reasonably reached the conclusion that Juror 168 would be fair to both sides.  Such a conclusion would have been consistent with the court's apparent satisfaction that Juror 168 could be impartial.  It was also buttressed by Juror 168's failure to respond to defense counsel's later inquiry to the panel whether any of them had any reservations about their ability to serve.[1]  Under these circumstances, counsel could have reasonably believed that further examination or removal  was unnecessary. (See *People v. Kipp* (1998) 18 Cal.4th 349, 367–368 [rejecting ineffective assistance claim where juror indicated "distaste" for the defendant, but counsel could have reasonably believed juror could be fair]; *People v. Lloyd* (1992) 4 Cal.App.4th 724, 735 [counsel's performance not ineffective when counsel did not challenge juror who had admitted impartiality but was rehabilitated].)

Counsel may also have had additional strategic reasons for retaining the juror.  Having observed Juror 168's mannerisms and responses to other questions, counsel could have reasonably construed the juror's honesty and thoughtfulness, comfort in discussing personal information, and willingness to listen to the judge and reconsider a perspective as positive attributes.

---

[1]    Defense counsel may have reasonably believed a for-cause challenge would be futile because the trial court appears to have accepted that Juror 168 would be fair and impartial.  (*People v. Thompson* (2010) 49 Cal.4th 79, 122 ["Counsel is not ineffective for failing to make frivolous or futile motions"].)

5

Counsel may have also viewed Juror 168's profession (a math teacher) as suggesting strengths or attitudes that would ultimately benefit Grajeda during deliberations. These qualities could have persuaded the defense that Juror 168 should be accepted as a juror and not further questioned. (See *People v. Freeman* (1994) 8 Cal.4th 450, 485 [best tactic may be to not ask a potential juror questions, given that further examination could lead to removal by prosecution or could antagonize the juror].)

For all these reasons, the record does not demonstrate that defense counsel had no rational tactical purpose for failing to examine or remove Juror 168. Grajeda has thus failed to establish on direct appeal that counsel performed deficiently in this respect.

## DISPOSITION

The judgment is affirmed.

DATO, Acting P. J.

WE CONCUR:

BUCHANAN, J.

KELETY, J.

6